Rose **TURNER, Appellant**

**James W. William, Appellee**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY and Charles Wallington, Individually and in his Official Capacity, Appellees.**

**No. 12–7116.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 24, 2013.

Anthony Graham, Sr., Esquire, Smith Graham & Crump, LLC, Largo, MD, for Appellant.

Anthony Graham, Sr., Esquire., for Appellee.

David James Shaffer, Gerard J. Stief, Mark F. Sullivan, Washington Metropolitan Area Transit Authority (WMATA) Office of the General Counsel, Ronald Charles Jessamy, Law Office of Ronald C.

Jessamy, PLLC, Washington, DC, for Appellees.

Before: GARLAND, Chief Judge, and GINSBURG and SENTELLE, Senior Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered upon the briefs of the parties and the record from the district court. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. RULE 34(j). Although the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* D.C. CIR. RULE 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Rose Turner appeals the district court's entry of summary judgment for her employer, the Washington Metropolitan Area Transit Authority (WMATA), on her claim of employment discrimination based upon a hostile work environment. The district court held, as one of two alternative grounds for its decision, that the WMATA made out an affirmative defense by showing it had established a complaint procedure to prevent and rectify sexual harassment and Turner had unreasonably delayed in taking advantage of that procedure. *See Faragher v. City of Boca Raton,* 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Turner contends this affirmative defense is unavailable to the employer because the WMATA subjected her to a "tangible employment action," *id.* at 808, 118 S.Ct. 2275, that is, "forced [her] to take leave because of the mental and emotional distress" of her supervisor's harassment.

Even assuming Turner's decision to take leave amounted to a constructive dis-charge, it cannot be a "tangible employment action" sufficient to defeat the WMATA's affirmative defense unless it was precipitated by "an official act of the enterprise." *Pennsylvania State Police v. Suders,* 542 U.S. 129, 144, 148, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004) (internal quotation marks omitted). Turner has alleged no act of the WMATA in aid of her supervisor's harassment. On the contrary: Within five days of Turner's having notified the WMATA of her supervisor's misconduct, the employer reassigned the supervisor and then investigated and ultimately forced him into retirement. As the district court put it, the WMATA "acted as we would wish any responsible employer to" act.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41.